```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-8-2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADAR BAYS, LLC

                Plaintiff,

v.

TEXTMUNICATION HOLDINGS, INC.

                Defendant.

**16 CV 4235**

Civil Action No.:

**ORDER TO SHOW CAUSE**

Upon the annexed declaration of Aryeh Goldstein, affirmed under penalties of perjury on June 2, 2016, upon the Summons, Complaint, Memorandum of Law, and all prior pleadings heretofore:

Let Defendant Textmunication Holdings, Inc. ("TXHD") show cause before Hon. Laura Taylor Swain in Courtroom 12D at the Courthouse located at 500 Pearl Street, New York, New York 10007, on the 20th day of July, 2016 at 9:30 A.M. or as soon thereafter as counsel can be heard as to why an order pursuant to Fed. R. Civ. P. Rule 65 and 28 U.S.C. §2201 should not be entered, pending final determination of this action, against TXHD:

    i. requiring TXHD to provide fully-executed irrevocable transfer agent instructions to its designated transfer agent in the form initially delivered in connection with the April 23, 2015, $57,500 8% Convertible Redeemable Note issued to Adar Bays, LLC ("Adar Bays"), and the April 23, 2015, $25,000 8% Convertible Redeemable Note issued to Adar Bays (collectively, the "Notes"), instructing it to reserve a minimum of three times the amount of shares of TXHD common stock required for the full conversion of the remaining principal balance and accrued interest of both Notes; and,

    ii. requiring TXHD to deliver immediately to Adar Bays, 250,000 shares of its Common Stock, along with the necessary corporate resolutions and proofs of consideration to enable Adar Bays to sell such Common Stock publicly without restriction; and,

    iii. directing TXHD, during the pendency of this action, to honor, in accordance with the agreements between the parties, all conversion requests hereafter

duly submitted by Adar Bays to convert all or any portion of the Notes held by Adar Bays into shares of TXHD Common Stock, and to deliver all necessary corporate resolutions to enable Adar Bays to sell such shares publicly without restriction; and,

iv. directing TXHD to take all necessary steps to increase the authorized shares of TXHD so as to comply fully with the terms of the Notes, if so required; and,

v. finding that the posting of a bond is not required under Rule 65 of the Federal Rules of Civil Procedure.

There have been no prior requests for the relief requested herein.

Sufficient cause appearing therefore, it is:

ORDERED that answering papers, if any, must be served on Michael Steinmetz, Esq., Garson, Segal, Steinmetz, Fladgate LLP, 164 West 25th Street, Suite 11R, New York, New York 10001, and filed by noon on June 24, 2016 Further two hard copies must be delivered to chambers; and it is further,

ORDERED that reply papers, if any, must be served and filed no later than July 12, 2016 at 12 noon PM. And further, two hard copies be delivered to chambers by the same time; and it is further

ORDERED that service of the Order to Show Cause, together with the papers upon which it is based, and copies of the Summons and Complaint, by overnight federal express on Textmunication Holdings, Inc., 1940 Contra Costa Blvd., Pleasant Hill, California 94523; such mailings to take place on or before June 9, 2016, 2016, be deemed good and sufficient service of this Order to Show Cause.

Security in the amount $ ____ will be posted by ____

DATED: New York, New York
ISSUED: _____ M

Continued on following page

_____
United States District Judge

<u>Continuation of Order to Show Cause in</u>
<u>Adar Bays, LLC v. Textmunication Holdings, Inc.</u>, 16 CV 4235

It is further ORDERED that:

Pursuant to Federal Rules of Civil Procedure 65(a)(2), the hearing in the Order to Show Cause will be consolidated with the trial of the merits of Plaintiff's claims of entitlement to the subject TXHD Common Stock.

Direct testimony will consist of any affidavits filed with the opening, opposition, and reply papers. Live testimony on disputed issues will be limited to cross-examination, redirect, and rebuttal testimony. The parties must file a joint letter listing their anticipated witnesses to be presented, exhibits to be relied upon, and estimated time required for witness examination, by **12 p.m. noon on July 18, 2016**, and provide a courtesy copy for chambers.

Dated: New York, New York
       June 8, 2016

_____
LAURA TAYLOR SWAIN
United States District Judge